UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:05-cr-00062-JAW |
| | ) | |
| RICHARD A. LARSEN, JR. | ) | |

**ORDER ON THE DEFENDANT'S MOTION FOR EARLY RELEASE FROM THE CUSTODY OF THE UNITED STATES BUREAU OF PRISONS**

On June 11, 2012, the Court revoked Richard A. Larsen, Jr.'s supervised release and sentenced him to ten months incarceration. On January 7, 2013, Mr. Larsen filed a pro se motion for early release, asking to be allowed to prepare for and attend an oral argument scheduled for February 12, 2013 before the Maine Supreme Judicial Court regarding his pending appeal of the state court convictions that formed part of the bases of his supervised release violations. The Court denies Mr. Larsen's motion because it does not have the authority to order his early release or to re-sentence him.

**I.      STATEMENT OF FACTS**

On August 10, 2005, a federal grand jury indicted Mr. Larsen for possession of a shotgun with an obliterated serial number and possession of a short-barrel shotgun, violations of 26 U.S.C. §§ 5861(d) and 5861(h) respectively. *Indictment* (ECF No. 1). On December 5, 2005, Mr. Larsen pleaded guilty to both charges, *Minute Entry* (ECF No. 18), and on April 10, 2006, the Court sentenced Mr. Larsen

to a concurrent term of thirty-eight months incarceration on Counts One and Two and a concurrent term of three years of supervised release. *J.* (ECF No. 27).

Among the conditions of his supervised release were that he not commit another federal or state crime and that he not use or possess alcohol. *Id.* at 3-4. On January 18, 2011, the Probation Office filed a petition for revocation of supervised release, alleging that Mr. Larsen had violated each of these conditions. *Pet. for Warrant or Summons for Offender Under Supervision* (ECF No. 46). The Probation Office alleged that Mr. Larsen had been charged with burglary and theft arising out of an incident on September 6, 2009 and that he had been found with a bottle of whiskey at his home and had admitted drinking alcohol. *Id.* at 1-2. Mr. Larsen was in state custody at the time the Probation Office initiated the revocation petition. *Req. To Unseal Pet. To Revoke Supervised Release* at 1 (ECF No. 49).

The Court held a final revocation hearing on June 11, 2012. *Minute Entry* (ECF No. 60). During the hearing, Mr. Larsen conceded that he committed the violation of the no-alcohol condition. His response to the no crime condition was more subtle. The Government marked and admitted the two state court judgments confirming his conviction for each crime. Mr. Larsen responded that he did not wish to have a hearing on whether he committed those state crimes, because they were the subject of a pending appeal to the Maine Supreme Judicial Court. However, he did not wish to concede that he committed the two crimes of which he then stood convicted. At the same time, Mr. Larsen conceded that with the admission of the two state court judgments, there was sufficient evidence for the

2

Court to find the violation of the no-crime condition. Based on the evidence, the Court found that it was more likely than not he had violated the no-crime and no-alcohol conditions of his supervised release.

On June 11, 2012, Mr. Larsen had completed his state sentence and had gone into federal custody as of May 14, 2012 and the Court imposed a term of ten months on the violations of conditions of supervised release. *Revocation J.* at 2 (ECF No. 62).

On January 7, 2013, Mr. Larsen moved for early release or re-sentencing. *Def.'s Mot. for Early Release* (ECF No. 65) (*Def.'s Mot.*). Mr. Larsen says that his appeal of the state convictions for burglary and theft is scheduled for oral argument before the Maine Supreme Judicial Court on February 12, 2013 and he wishes to "appear before the Maine Supreme Judicial Court" and wishes to be released in order to "be better able to prepare and defend himself as a free individual." *Id.* at 1. Mr. Larsen asks the Court to "re-consider his violation of supervised release conviction, re-sentence him and release him immediately so that he may be able to appear before the Maine Supreme Judicial Court." *Id.* The Government objects to his motion on the ground that the Court does not have the authority to order his release. *Gov't's Resp. to Def.'s Mot. for Early Release from the Custody of the U.S. Bureau of Prisons* at 1-3 (ECF No. 66) (*Gov't's Opp'n*).

II.   **DISCUSSION**

After a sentence is imposed, the law strictly constrains a sentencing court's authority to reduce a sentence and the grounds upon which it may do so. 18 U.S.C.

§ 3582(c); *United States v. Leland*, 584 F. Supp. 2d 237, 239 (D. Me. 2008); *United States v. Tyler*, 417 F. Supp. 2d 80, 82-85 (D. Me. 2006). The general rule is that a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The exceptions are very narrowly-drawn. A first exception is where the Director of the Bureau of Prisons moved to reduce a term of imprisonment for "extraordinary and compelling reasons." *Id*. § 3582(c)(1)(A)(i). A second is if the defendant is at least seventy years old, has served at least thirty years in prison, and the Director has determined that he is no longer a danger to the safety of any other person or the community. *Id*. § 3582(c)(1)(A)(ii). A third is where there has been a clerical error in the judgment and the motion is made within fourteen days after sentencing. *Id*. § 3582(c)(1)(B); FED. R. CRIM. P. 35(a). A fourth is where the Government has filed a Rule 35 motion within one year of sentencing to reduce a defendant's sentence for substantial assistance in investigation or prosecuting another person. § 3582(c)(1)(B); FED. R. CRIM. P. 35(b). A fifth is where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). A sixth is where a defendant has filed a notice of appeal to the applicable court of appeals and the appeals court has modified the sentence. 18 U.S.C. § 3582(b). A seventh is where a defendant in federal custody has filed a petition under 18 U.S.C. § 2255, claiming "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in

4

excess of the maximum authorized by law, or is otherwise subject to collateral attack." An eighth is where a federal defendant is challenging the execution of his sentence, such as the administration of parole, computation of a sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions. 28 U.S.C. § 2241; *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). None of the exceptions applies to Mr. Larsen's case and therefore the Court does not have the authority to resentence him as he has requested.

Nor does the Court have the authority to order his early release from incarceration. A sentencing court has a restricted authority to release from incarceration a defendant who is awaiting trial or who has pleaded guilty and is awaiting sentencing. 18 U.S.C. §§ 3142, 3143(a), 3145(c); *United States v. Kenney*, No. CR-07-66-B-W, 2009 U.S. Dist. LEXIS 121233, at *3-6 (D. Me. Dec. 30, 2009). It also has a limited authority to release from incarceration a defendant pending resolution of an appeal. 18 U.S.C. § 3143(b). However, once a defendant has been sentenced and any appeal has been exhausted, except for the exceptions previously discussed, the authority to release an incarcerated defendant rests with the Bureau of Prisons. *See* 18 U.S.C. §§ 3621 *et seq*. If Mr. Larsen wishes to secure early or temporary release under those statutory provisions, he must apply to the Bureau of Prisons, not this Court. *See United States v. Counts*, No. 4:09-cr-052-01, 2011 U.S. Dist. LEXIS 102061, at *2 (D.N.D. Sep. 9, 2011) ("The decision to temporarily release an inmate is within the sole discretion of the BOP, not this Court"); *United States v. Grass*, 561 F. Supp. 2d 535, 536-37 (E.D. Pa. 2008).

According to the Government, Mr. Larsen's projected release date from federal incarceration is March 14, 2013, barely a month after the currently scheduled oral argument. *Gov't's Opp'n* at 1. There is, of course, a simpler way for Mr. Larson to obtain what he is seeking in this motion. He could ask the Maine Supreme Judicial Court to continue the scheduled oral argument until after his release date. There is no guarantee that the Maine Supreme Judicial Court would grant his motion, but there is no indication that he has tried.

More to the point, regardless of whether Mr. Larsen has pursued any alternatives to release from federal prison or re-sentencing, the bottom line is that the Court does not have the authority to grant his request for release or to re-sentence him.

### III.  CONCLUSION

The Court DENIES Richard A. Larsen, Jr.'s Motion for Early Release from the Custody of the United States Bureau of Prisons (ECF No. 65).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 6th day of February, 2013